1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GLADYS WATSON, et al.,                    No.  2:23-cv-02627-DC-CKD

12                    Plaintiffs,

13          v.                                  ORDER DISMISSING THIS ACTION DUE
                                                TO PLAINTIFFS' FAILURE TO COMPLY
14    AMERICAN FAMILY CONNECT                   WITH A COURT ORDER AND FAILURE TO
      PROPERTY AND CASUALTY                     PROSECUTE
15    INSURANCE CO.,

16                    Defendant.

17

18          On November 12, 2024, the court issued an order directing Plaintiffs to show cause "why

19    this action should not be dismissed due to their failure to prosecute and failure to obey the court's

20    order [dated March 28, 2024]," which required Plaintiffs to file a motion to remand this case to

21    arbitration (i.e., a motion to compel arbitration) within sixty days of that order. (Doc. No. 11.) In

22    response to the order to show cause, on November 15, 2024, Plaintiffs filed the declaration of

23    their counsel, Attorney Erika Garcia.[1] (Doc. No. 12.) In light of that response, the order to show

24    cause (Doc. No. 11) is discharged. However, for the reasons discussed below, the substance of

25    Plaintiffs' response is plainly insufficient to show good cause for Plaintiffs' failure to comply

26

27    _____

      [1] On November 20, 2024, Defendant filed a response to Attorney Garcia's declaration, urging the
28    court to exercise its discretion to dismiss this action due to Plaintiffs' failure to prosecute and
      failure to comply with a court order. (Doc. No. 14.)

                                                    1

1   with the March 28, 2024 order and subsequent failure to take any steps to prosecute this case.

2          A brief recounting of the procedural history of this case illustrates Plaintiffs' continued

3   failure to prosecute.

4          Plaintiff initiated this case in Nevada County Superior Court on November 11, 2023, by

5   filing a petition for special proceedings to compel Defendant to arbitrate Plaintiffs' underinsured

6   motorist claim. (Doc. No. 1-1 at 31.) On November 13, 2023, Defendant removed this action to

7   this federal court. (Doc. No. 1.) The next day, the court issued an order setting this case for a

8   pretrial scheduling conference on March 28, 2024, and directed the parties to file a joint status

9   report prior to that conference. (Doc. No. 3.)

10          On March 14, 2024, the parties filed a joint status report, in which Plaintiffs stated they

11   have not yet filed a complaint in this case, but they "anticipate[] filing a complaint and will serve

12   [Defendant]." (Doc. No. 6 at 4.) To date, no such complaint has been filed. Plaintiffs also stated

13   they "anticipate they will be filing a motion to remand to state court for subject matter

14   jurisdiction." (*Id.* at 6.) While not entirely clear, because Plaintiffs stated they "argue this matter

15   should be heard by an arbitrator" (*id.*), it appears to the court that Plaintiffs likely intended their

16   anticipated motion to be a motion to compel arbitration, not a motion to remand. In any event,

17   given this posture, the parties stated that they did not believe a case-specific discovery schedule

18   was necessary at that time, and this action should be resolved by way of motion, specifically

19   Plaintiffs' anticipated motion to remand/compel arbitration. (*Id.* at 6–7.)

20          At the scheduling conference held on March 28, 2024, the court discussed the case

21   schedule with counsel for both parties and ordered Plaintiffs to file their motion to

22   remand/compel arbitration within sixty days, i.e., by May 27, 2024. (Doc. No. 7.) Plaintiffs did

23   not comply with that order. Plaintiffs also did not file any stipulations or requests seeking an

24   extension of time in which to comply with that order. Not only did Plaintiffs not timely file their

25   anticipated motion as ordered, but Plaintiffs *still* have not filed a complaint or a motion to

26   remand/compel arbitration, despite their representations to the court that they would do so and the

27   court's March 28, 2024 order setting a filing deadline.

28          Nearly five months after Plaintiffs' filing deadline passed, this case was reassigned to the

undersigned. (Doc. No. 8.) The docket reflects no activity in this case whatsoever between the court's March 28, 2024 order and the October 10, 2024 order reassigning this case.

After reviewing the docket in this case upon reassignment, the court issued an order directing the parties to file a joint status report "to update the court on the status of the litigation and their proposed next steps." (Doc. No. 9.) In that order, the court emphasized that "Plaintiffs' filing deadline passed over five months ago, and Plaintiffs have not filed a motion to remand as directed or otherwise communicated with the court." (*Id.*)

On November 8, 2024, the parties filed a joint status report, in which the parties acknowledged the May 27, 2024 deadline and the fact that Plaintiffs "have not filed any motion to remand to date."[2] (Doc. No. 10 at 3.) Plaintiffs also state that they have not filed a complaint in this case either (though, unlike the report filed on March 14, 2024 report, in this report, they do not state any intention to file a complaint). (*Id.* at 4.) Plaintiffs then request that the court "assign this matter to an arbitrator," or permit them "to file a motion and/or petition to appoint a neutral arbitrator." (Doc. No. 4.) Again, it is not entirely clear to the court what kind of motion Plaintiffs are referring to in their request. Nonetheless, Plaintiffs provide no explanation at all for their failure to comply with the court's March 28, 2024 order, nor explain why they did not request an extension of time at any point in the several months that had passed. Plaintiffs also do not even attempt to show good cause for the court to grant them permission to file a motion at this late date.

Given the insufficiency of Plaintiffs' statements in the joint status report, on November 12, 2024, the court issued an order to Plaintiffs to show cause why this action should not be dismissed due to their failure to prosecute and failure to obey the court's March 28, 2024 order, "particularly given the significant time that had passed since Plaintiffs' filing deadline expired." (Doc. No. 11.) That order noted that in the parties' November 8, 2024 joint status report, Plaintiffs merely repeated the same position that they had taken in the March 28, 2024 scheduling

---

[2] In their report, the parties state that Plaintiffs were ordered to file their motion with sixty days, which they calculated to be May 28, 2024. (Doc. No. 10 at 3.) However, May 28, 2024 is 61 days after March 28, 2024, so the 60-day deadline expired on May 27, 2024.

conference—"that this matter should be heard by an arbitrator and request that the court assign an arbitrator or permit them to file a motion to appoint a neutral arbitrator." (*Id.*)

In the declaration of Attorney Garcia that Plaintiffs filed in response to the order to Plaintiffs to show cause, Attorney Garcia states that "[d]uring April, May, and half of June [2024]," she and her co-counsel Attorney Michael Loewen "were consumed" with a month-and-a-half-long arbitration that started May 1, 2024 and "were regrettably unable to draft and file a timely motion to remand the instant case to arbitration." (Doc. No. 12 at ¶¶ 2–3.) Attorney Garcia also explains that beginning in July 2024 through October 2024, she unsuccessfully attempted "to find an available federal attorney to associate in as counsel in this case," and on November 1, 2024, she ultimately reached a "tentative agreement with Matthew Powell Esq. for the purpose of associating Mr. Powell in as an attorney of record." (*Id.* at ¶¶ 4, 6, 7.) However, there has not been a notice of appearance filed in this case by Attorney Powell, or any other additional counsel for Plaintiffs.

In addition, Attorney Garcia declares in conclusory fashion that the "delay was not due to neglect or disregard for the rules of this court, but rather due to an unfortunate confluence of events that [she] did not anticipate." (*Id.* at ¶ 8.) Yet Attorney Garcia offers no explanation as to why the purported reasons for delay were not anticipated; indeed, they appear to be foreseeable: Plaintiffs' counsel's desire to associate an attorney with experience in federal courts arguably arose when this action was removed to federal court on November 13, 2023; and Plaintiffs' counsel likely knew at the March 28, 2024 scheduling conference that they had an upcoming lengthy arbitration starting in May 2024 that would consume their time. Further, no explanation is offered for why Plaintiffs' counsel failed to file any requests for extensions of time or seek appropriate relief from the court even after that arbitration concluded. It seems clear that but for the court's November 1, 2024 order in the wake of the reassignment of this case, the inactivity reflected on the docket would have continued. In other words, this case would have continued to sit dormant due to Plaintiffs' failure to prosecute.

Finally, Attorney Garcia concludes her declaration by requesting that the court set this case for a scheduling conference in the next thirty days (*id.* at ¶ 9), without explaining what

4

1   circumstances have changed since the March 28, 2024 scheduling conference such that issuance

2   of a scheduling order is now appropriate in this case. Even more troubling is that Plaintiffs' entire

3   response to the order to show cause, including their request for a scheduling conference, is wholly

4   silent as to the motion Plaintiffs were supposed to file by May 27, 2024—Plaintiffs do not state

5   that they intend to seek leave from the court to file that motion, let alone attempt to make any

6   showing of good cause to support the court granting Plaintiffs leave to do so. Thus, despite

7   Plaintiffs' request for the setting of a scheduling conference, Plaintiffs' conduct in this case since

8   removal reflects that they apparently have no intention to prosecute this case.

9          In determining whether to dismiss a case for lack of prosecution, courts consider the

10  follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

11  manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

12  disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*,

13  291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.

14  1998).

15         In addition, the Local Rules of this court provide that the failure of a party to comply with

16  any order of the court "may be grounds for imposition by the Court of any and all sanctions

17  authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A

18  party's failure to comply with applicable rules and law may be grounds for dismissal or any other

19  sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54

20  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

21  1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

22  complaint), *as amended* (May 22, 1992).

23         Here, the public interest in expeditious resolution of litigation, the court's need to manage

24  its docket, and the risk of prejudice to Defendant all support the imposition of the sanction of

25  dismissal here. Only the public policy favoring disposition on the merits counsels against

26  dismissal. However, Plaintiffs' failure to comply with filing deadlines set by this court and failure

27  to prosecute this action makes timely disposition on the merits difficult, if not impossible.

28  Moreover, because no complaint has been filed and this action was brought for the purpose of

1    determining which forum will hear the parties' underlying dispute (a court or an arbitrator), the

2    merits of Plaintiffs' underlying dispute are not presently before the court for resolution. Finally,

3    with respect to availability of less drastic sanctions, the court has considered alternative measures.

4    The issuance of yet another order to show cause would be futile under the circumstances because

5    Plaintiffs have already had two opportunities to provide sufficient explanations to show good

6    cause and persuade the court that dismissal of this action is not appropriate, and they have failed

7    to do so. Moreover, while the court recognizes dismissal of the action is a significant

8    consequence, the court will dismiss this action without prejudice, which is a less drastic

9    alternative.

10          Accordingly, this action will be dismissed, without prejudice, due to Plaintiffs' failure to

11   prosecute and failure to comply with the court's March 28, 2024 order.

12          For the reasons set forth above,

13   1.     This action is dismissed due to Plaintiffs' failure to prosecute this action and

14          failure to comply with a court order; and

15   2.     The Clerk of the Court is directed to close this case.

16

17          IT IS SO ORDERED.

18   Dated:   **November 26, 2024**    _____

19                                      Dena Coggins
                                        United States District Judge

20

21

22

23

24

25

26

27

28